# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1535V
(not to be published)

|  |  |
|---|---|
| KENNETH A. BRADLEY,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 19, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING ATTORNEY'S FEES AND COSTS**[1]

  On October 4, 2018, Kenneth A. Bradley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner allegeD that that he suffered a left shoulder injury related to vaccine administration as a result of an influenza vaccination received on January 26, 2018. (Petition at 1). On December 11, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 26).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 7, 2020 (ECF No. 31), requesting a total award of $23,903.95 (representing $23,301.20 in fees and $602.75 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses in prosecuting this matter. (ECF No. 31-3). Respondent reacted to the motion on January 20, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. (ECF No. 33). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991), *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

## ATTORNEY'S FEES

The determination of the amount of reasonable attorney's fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517,1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson*, 24 Cl. Ct. at 483.

Petitioner requests the following rates of compensation for the work of his attorneys: Jimmy A. Zgheib at $238 per hour for work performed in 2018, $243 per hour for work performed in 2019, and $300 per hour for 2020 work; AnnMarie Sayad at $238 per hour for work performed in 2018, and $243 per hour for work performed in 2019; Jennifer Sayad at $291 per hour for time billed in 2018, $300 per hour for time billed in 2019, and $320 for 2020 work; and Joseph Sayad at $240 per hour for work performed in 2018, and $250 for time billed in 2019. (ECF No. 31-1 at 4).

The requested 2018 and 2019 rates are consistent with what has been previously awarded to Mr. Zgheib and attorneys of Zgheib Sayad. Accordingly, no adjustment to these requested rates is necessary. However, I will make the following rate adjustments to Mr. Zgheib's 2020 rate.

Although the requested rate for Mr. Zgheib's 2020 work is within the appropriate experience range, I find the increase to be excessive.[3] Based on my experience and the *McCulloch* factors (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large)[4] as applied to Mr. Zgheib, the rate of $275 is more appropriate for his time billed in 2020, and a reasonable increase from the rates he received for the two prior years. This reduces the request for attorney fees relating to work he performed on this case in the amount of **$107.50**.[5]

Jennifer Sayad, by contrast, is awarded the 2020 rate requested. She has been a licensed attorney since 2011, placing her in the range of attorneys with 8 – 10 years'

---

[3] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of $300 - $275 = $25 x 4.30 hrs = $107.50.

3

experience. I find the rate increase sought to be reasonable given my experience in the Vaccine Program, Ms. Sayad's overall legal experience, and quality of the work performed and award the requested rate in full. Accordingly, her time spent on this matter for 2020 shall not be reduced.

## ATTORNEY COSTS

Petitioner requests $602.75 in overall costs. (ECF No. 31-2). This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and award overall the requested amount award in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$23,796.45** (representing $23,193.70 in fees and $602.75 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.